IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2026 Session

## VALESIA KENNARD v. MID-SOUTH TRANSPORTATION MANAGEMENT, INC. ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-0105-20      Damita J. Dandridge, Judge**

—————————————————————

**No. W2025-00997-COA-R9-CV**

—————————————————————

To resolve Employee's workers' compensation claim, Employee and Employer entered into a "doubtful and disputed" settlement agreement under the Tennessee Workers' Compensation Law, Tennessee Code Annotated section 50-6-240(e). Employee then brought a tort action against Employer in relation to the same injuries. Employee moved for partial summary judgment that the exclusive remedy provision did not bar her tort claim, relying on the agreement's silence as to the issue of compensability. The trial court granted the motion, finding the injuries to not be compensable, such that Employee was not limited to workers' compensation remedies. Because such settlements are clearly provided for by statute, we conclude that the parties' agreement amounts to a workers' compensation remedy. Thus, we determine that Employee's tort action is barred by the exclusive remedy provision and the trial court's judgment must be reversed.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which CARMA DENNIS MCGEE, and STEVEN W. MARONEY, JJ., joined.

Kyle I. Cannon and Richard Glasman, Memphis, Tennessee, for the appellant, Mid-South Transportation Management, Inc.

William B. Ryan and Robert A. Donati, Memphis, Tennessee, for the appellee, Valesia Kennard.

**OPINION**

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff/Appellee Valesia Kennard was hired by Defendant/Appellant Mid-South Transportation Management, Inc. ("MTM") in 2018, to work on premises owned by Defendant Memphis Area Transit Authority ("MATA") and managed by MTM. Ms. Kennard initiated this action in the Shelby County Circuit Court ("the trial court") on January 9, 2020. In the complaint, Ms. Kennard alleged that she was seriously injured while walking to her car in the employee parking lot at the end of her shift on April 19, 2019, when a former coworker, Defendant Melvin Chaney, struck her repeatedly with a baseball bat. Ms. Kennard alleged that she had previously informed MTM's human resource department of threats made against her by Mr. Chaney, whose employment was terminated when the threats were investigated and found credible. The complaint raised a claim of civil battery against Mr. Chaney and claims of vicarious liability, premises liability, negligence, and negligence per se against MTM and MATA, based on their alleged failure to exercise reasonable measures to protect those legally on the premises, in violation of certain municipal ordinances. The complaint sought three million dollars in compensatory and punitive damages.

In its answer, MTM denied any liability and raised several affirmative defenses, including the failure to state a claim upon which relief could be granted, the expiration of the statute of limitations, and the application of the exclusive remedy provision of the Tennessee Workers' Compensation Law ("TWCL"). As part of its answer, MTM moved the trial court to dismiss Ms. Kennard's complaint with prejudice.

Ms. Kennard filed a motion for partial summary judgment in March 2023, seeking a finding as a matter of law that her tort claims were not barred by the TWCL's exclusive remedy provision. She argued that MTM had failed to establish that her injuries arose out of and in the course and scope of her employment, rather than as the result of a private dispute, and so failed to show that her claim was compensable under the TWCL. Ms. Kennard explained that she only filed the present tort action after MTM and MATA had denied any liability in her earlier workers' compensation claim. Ms. Kennard included a statement of undisputed material facts with her motion, relating almost exclusively to the events leading up to Mr. Chaney's attack.

MTM opposed the motion, arguing that Ms. Kennard had asserted in her workers' compensation claim that her injuries were compensable under the TWCL. MTM further argued that the parties had resolved Ms. Kennard's workers' compensation claim via a settlement agreement approved by a workers' compensation judge in accordance with the TWCL. As relevant, the settlement agreement stated as follows:

> The parties entered into this voluntary settlement of all issues with full knowledge of their rights and responsibilities, including the right to be

represented by an attorney. Employee acknowledged by signature that Employee is not obligated to enter this agreement and has the right to a compensation hearing but waives that right.

. . . .

The parties dispute whether this claim is compensable. The specific issue is whether the claim arose out of the employment as the employer denied the claim on the basis that the assault was due to a personal dispute between the employee and a former co-worker. Employee alleges the claim did arise out of her employment with employer. Therefore, the parties are settling this case on a doubtful and disputed basis for a lump-sum payment of $11,250.00.

Employee incurred medical expenses, which will be paid by Employee. As part of this doubtful and disputed settlement, Employee agrees to close the right to future treatment. . . . .

. . . .

The parties agree that a lump-sum payment of $11,250.00 is in Employee's best interest, considering Employee's ability to wisely manage and control the settlement. Employee acknowledges that if the parties tried this case, the award *might* be more or less than the settlement amount or none at all and if there was an award it *might* not be ordered in a lump-sum payment.

An order approving the settlement agreement was entered in the Tennessee Court of Workers' Compensation Claims on July 15, 2022, with the order specifying that "[a]fter determining that Employee understands Employee's rights and potential benefits under Workers' Compensation Law, the Court finds that settlement of this doubtful and disputed claim is in Employee's best interest." Because Ms. Kennard had thereby effectively received workers' compensation benefits, MTM argued that her tort action was barred by the TWCL's exclusive remedy provision.

As part of its opposition, MTM responded to Ms. Kennard's statement of material facts, denying that it took no precautions to safeguard Ms. Kennard following its investigation into the threats made by Mr. Chaney. MTM also included its own statement of additional undisputed material facts, relating to Ms. Kennard's workers' compensation claim and the subsequent settlement. One such fact stated that "[Ms. Kennard] negotiated and accepted a workers' compensation settlement from [MTM] in the amount of $11,250.00 to settle and resolve the workers' compensation claim that she filed against [MTM] with the Tennessee Bureau of Workers' Compensation and the Tennessee Court of Workers' Compensation Claims." Ms. Kennard failed to respond to these additional facts.

The trial court granted Ms. Kennard's motion for partial summary judgment by order of June 26, 2024. The trial court explained that the TWCL does not cover injuries arising from inherently private disputes, looking to cases involving sexual harassment in

the workplace in which the exclusive remedy provision did not prevent the injured employee from seeking relief in tort. The trial court found that Ms. Kennard's injuries were likewise not compensable under the TWCL and ruled as a matter of law that the instant action was not barred by the TWCL's exclusive remedy provision. The trial court concluded that MTM "should not be allowed to use the exclusive remedy provision as a shield to avoid liability for permitting sexual harassment to occur in the workplace."

This interlocutory appeal followed.

## II. ISSUES PRESENTED

MTM raises one question on appeal: "Whether the exclusive remedy doctrine bars [Ms. Kennard] from pursuing tort remedies against her employer, MTM, where MTM denied liability for [her] injuries under the [TWCL] before ultimately agreeing to a settlement on a doubtful and disputed basis that was approved by the Tennessee Court of Workers' Compensation Claims."

## III. STANDARD OF REVIEW

We review the trial court's grant of summary judgment de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). As part of our review, we must "take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993) (citations omitted), *holding modified by Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008), *holding modified by Rye*, 477 S.W.3d 235. We similarly accept the evidence presented by the non-moving party as true and resolve any doubts about the existence of a genuine issue of material fact in its favor. *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (citing *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 84 (Tenn. 2008)). A party is entitled to summary judgment if "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. "Summary [j]udgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." *Brooks Cotton Co. v. Williams*, 381 S.W.3d 414, 418–19 (Tenn. Ct. App. 2012) (quoting *Landry v. S. Cumberland Amoco*, No. E2009-01354-COA-R3-CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010)).

Here, there is generally no dispute regarding the underlying facts of the case. Instead, the parties disagree as to the proper reading of portions of the TWCL relevant to these facts. Statutory interpretation is an issue of law capable of resolution via summary judgment. *Falls v. Goins*, 673 S.W.3d 173, 178 (Tenn. 2023) (citing *Najo Equip. Leasing, LLC v. Comm'r of Revenue*, 477 S.W.3d 763, 766 (Tenn. Ct. App. 2015)). As a question

of law, we review such matters de novo, without a presumption of correctness. *Id.* at 179. In construing the TWCL in this case, we do not give the statute a liberal or remedial construction, but rather construe the statute "fairly, impartially, and in accordance with basic principles of statutory construction"; we therefore construe the statute neither in favor of the employee nor the employer. Tenn. Code Ann. § 50-6-116 (applying to injuries on or after July 1, 2014).

### IV. ANALYSIS

At the heart of this matter lies the Tennessee Workers' Compensation Law, which was "conceived as a means of providing prompt, dignified, and certain financial relief for workers who suffered employment-related injuries or diseases." *Coblentz v. Tractor Supply Co.*, No. M2023-00249-SC-R11-CV, --- S.W.3d ---, 2025 WL 3704465, at *4 (Tenn. Dec. 22, 2025) (quoting Joseph H. King, Jr., *The Exclusiveness of an Employee's Workers' Compensation Remedy Against His Employer*, 55 Tenn. L. Rev. 405, 406 (1988)). The TWCL is "a legislatively created quid pro quo system where an injured worker forfeits any potential common law rights for recovery against his or her employer in return for a system that provides compensation completely independent of any fault on the part of the employer." *Wait v. Travelers Indem. Co. of Ill.*, 240 S.W.3d 220, 224 (Tenn. 2007) (citing Tenn. Code Ann. § 50-6-108(a); *Liberty Mut. Ins. Co. v. Stevenson*, 212 Tenn. 178, 368 S.W.2d 760, 762 (1963)). As a result of the "mutual renunciation of common law rights and defenses" that is the TWCL, workers' compensation benefits are usually an employee's exclusive remedy against his or her employer. *Coblentz*, 2025 WL 3704465, at *4 (quoting King, *supra*, at 406). This policy is codified in the TWCL's exclusive remedy provision. *See* Tenn. Code Ann. § 50-6-108(a) ("The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident, . . . shall exclude all other rights and remedies of the employee[.]"). The question here is whether Ms. Kennard received the benefit of any of the rights and remedies offered by the TWCL, thus limiting her to such relief and barring her tort claims.

There is no dispute that Ms. Kennard previously brought a workers' compensation case against MTM for the injuries giving rise to the instant action. This fact alone is not dispositive, in light of the various reasons an alleged workplace injury might not be compensable under the TWCL. However, there is also no dispute that the parties entered into a settlement agreement and that the agreement was then approved by a workers' compensation judge as being in Ms. Kennard's best interest. MTM argues that the existence of this settlement precludes a finding that Ms. Kennard is entitled to a judgment as a matter of law that her tort action is not barred by the TWCL's exclusive remedy provision.

To be sure, Ms. Kennard does not deny that "doubtful and disputed" settlements are contemplated by the TWCL itself. Specifically, Tennessee Code Annotated section 50-6-240(e) provides that:

Notwithstanding any other provision of this section, if there is a dispute between the parties as to whether a claim is compensable, or as to the amount of compensation due, the parties may settle the matter *without regard to whether the employee is receiving substantially the benefits provided by this chapter*; provided, that the settlement is determined by a workers' compensation judge to be in the best interest of the employee.

(Emphasis added). The plain language of subsection 240(e) expressly does not require such settlements to approximate the potential relief afforded elsewhere under the TWCL. *Compare id.*, *with* Tenn. Code Ann. § 50-6-240(a) (providing general authority for parties to settle "all matters of compensation between themselves," but requiring the workers' compensation judge "to determine whether the employee is receiving, substantially, the benefits provided by this chapter" before approving the proposed settlement). Thus, unlike the argument put forth by Ms. Kennard's counsel at oral argument, it matters not whether the arranged payment bears any resemblance to the recovery possible if her workers' compensation claim was found compensable and fully adjudicated. In any event, as part of the agreement, Ms. Kennard explicitly agreed that "if the parties tried this case, the award *might* be more or less than the settlement amount or none at all and if there was an award it *might* not be ordered in a lump-sum payment."

Ms. Kennard has also asserted that because the agreement did not resolve the issue of whether her injuries were compensable, the lump-sum payment did not constitute relief under the TWCL. As the payment from MTM therefore amounted to mere money, rather than any workers' compensation benefits, she argues that the exclusive remedy provision was not triggered. Unfortunately, Ms. Kennard offers no legal citation in support of this argument. *See **Sneed v. Bd. of Pro. Resp. of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) (holding that it "is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her"). Neither is such a distinction supported by the plain language of subsection 240(e), which does not include any requirement that the settlement resolve the parties' dispute in order to be enforceable.[1] Instead, this subsection merely allows for the resolution of a workers' compensation claim where the employee and the employer cannot reach an accord as to the claim's viability or value.

Moreover, the language of the agreement itself belies Ms. Kennard's argument that the settlement was not inextricably tied to the resolution of her workers' compensation claim. *Cf. **Kafozi v. Windward Cove, LLC***, 184 S.W.3d 693, 698 (Tenn. Ct. App. 2005) ("The parties' intent is presumed to be that specifically expressed in the body of the contract."). Indeed, the agreement states that it served as a "voluntary settlement of all issues[,]" made with "full knowledge of [the parties'] rights and responsibilities[.]" It

---

[1] We note that the sole requirement set out in subsection 240(e) involves the finding by a workers' compensation judge that the parties' settlement is in the employee's best interest. No argument has been raised either that this finding was not made or that the finding was in error.

further stated that Ms. Kennard's signature indicated her knowledge that she was "not obligated to enter this agreement" and had "the right to a compensation hearing but waive[d] that right." There is then no support in the record for Ms. Kennard's claimed belief that the agreement somehow preserved her right to bring a tort action by not explicitly resolving the compensability of her workers' compensation claim. *See id.* at 698–99 ("A contract is ambiguous only when its meaning is uncertain and may *fairly* be understood in more than one way." (citation omitted)).

In other words, after Ms. Kennard brought a workers' compensation action seeking recovery for injuries suffered in April 2019, the parties entered into a settlement agreement of a type expressly provided for in the TWCL and which Ms. Kennard agreed was intended to settle "all issues" in renunciation of her right to a compensation hearing. It is therefore difficult to understand how the lump-sum payment made pursuant to subsection 240(e) could be considered anything other than a "remed[y] granted to an employee subject to [the TWCL], on account of personal injury[.]" Tenn. Code Ann. § 50-6-108(a). If the Tennessee General Assembly had wished to exclude a settlement under this subsection from the exclusive remedy provision of the TWCL, it could have done so. But in the absence of any authority to suggest that subsection 240(e) settlements should not be considered a "remed[y]" under the TWCL and so excluded from the ambit of the exclusive remedy provision, we decline to read such an exclusion into the statute. *Cf.* ***Johnson v. Hopkins***, 432 S.W.3d 840, 848 (Tenn. 2013) ("When the meaning of a statute is clear, courts apply the plain meaning without complicating the task and enforce the statute as written. At the same time, courts must be circumspect about adding words to a statute that the General Assembly did not place there." (quotation marks, brackets, and citations omitted)).

This is not a case where an unsophisticated party unwittingly waived the right to recover. Instead, a party represented by counsel at all stages took a series of affirmative actions—filing a workers' compensation claim, entering into a settlement agreement with her employer, and having that agreement approved by a workers' compensation judge—in reliance on the terms of the TWCL.[2] Thus, Ms. Kennard intentionally availed herself of at least one remedy expressly provided under the TWCL. Respectfully, Ms. Kennard cannot now avoid the consequences of her actions by reading language into the statute that is not there. Because the undisputed facts establish that Ms. Kennard did receive some workers' compensation benefit for her injuries, no reasonable fact-finder could reach a conclusion other than that her tort action is barred by the TWCL's exclusive remedy provision. We must therefore reverse the trial court's grant of partial summary judgment to Ms. Kennard on this issue.

---

[2] The record indicates that Ms. Kennard was represented by Attorney Emily B. Bragg in relation to the Petition for Benefit Determination submitted to the Tennessee Bureau of Workers' Compensation and by Attorney Jonathan May in relation to the settlement agreement. The order of the workers' compensation judge approving the settlement included in the record does not detail which attorney was entitled to the fees awarded therein. Ms. Kennard has been represented by Attorneys Ryan and Donati at all times relevant to this tort action.

## V. CONCLUSION

The judgment of the Shelby County Circuit Court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellee Valesia Kennard, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE